UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. C.R. NO.: 06-0093-01ML

DEBBIE TUCKER

**DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE REPORT**

The Defendant is seeking a two point reduction in her guideline offense level for qualifying as having a minor role in the offense. According to the information provided to the Defendant this criminal activity in Rhode Island was a small portion of the criminal enterprise conducted by the two co-defendants. The offenses in Rhode Island and activity in Rhode Island by Debbie Tucker was her only contact with the two co-defendant's in their nationwide scheme to commit bank fraud. It is the Defendant's contention that the co-defendants provided her with the false identification and arranged for all of the details concerning the criminal activity in Rhode Island. The Defendant was staying in a separate hotel from the two co-defendants on the date prior to the crime. She was picked up by the co-defendants, Conyers and Moore on the day of the crime. Following the bank fraud in North Providence the defendants were headed towards the hotel room for Conyers and Moore in Seekonk. All of the money seized by the police was in the possession of the co-defendants, Conyers and Moore. The only money that was in the possession of Debbie Tucker was her personal spending money that she had brought on the trip. Even though the Prosecutor's Version for the acts committed in Rhode Island do not take into account the activities that occurred out of state, the Court should view the Defendant's participation in the case by viewing the totality of the circumstances. In considering the totality of the circumstances Debbie Tucker's involvement in this conspiracy qualifies for a minor role in comparison to the two co-defendants, Conyers and Moore.

The Defendant has only received two points for acceptance for responsibility. The reason she does not qualify for the third point is because her criminal offense level is

less than sixteen. However, this calculation does not take into account the two year minimum mandatory consecutive sentence for the aggravated identity fraud. The Court should consider the two year consecutive mandatory sentence in viewing the offense level for the bank fraud and consider granting the Defendant the same type of relief that would have occurred if the Defendant had received a third point for acceptance of responsibility.

The Defendant objects to the criminal history category that has been calculated in the pre-sentence report. Defendant directs the Court to paragraphs 44 and 45 of the pre-sentence report. The Defendant has received three points for each of these two cases. However, in looking at the cases it appears that the Defendant was already serving the sentence in paragraph 45 of 180 days in jail when it is stated that she was given an additional eight months in prison as a probation violator.

Paragraph 44 states that the Defendant received a two year prison sentence on 10/14/94. It is Defendant's position that to receive three points on each of these cases is double counting and it is confusing at least to determine how the Defendant's probation could have been violated while she was serving a jail sentence on a previous case.

As a result the Defendant is asking the Court to adjust her criminal history category and sentence her from the sentencing table in Criminal History Category III.

Respectfully Submitted,

Richard K. Corley, Esq.
Corley Taveras, LLP (#2965)
127 Dorrance Street, 2nd Floor
Providence, RI 02903
(401) 861-2100
(401) 861-2139 (fax)

**CERTIFICATION**

I hereby certify that I mailed a true and correct copy of the within Motion, via first class mail, prepaid postage to Kristin Mattias, Federal Probation Two Exchange Terrace, Providence, RI 02903 and Lee H. Vilker Assistant U.S. Attorney, Fleet Center, 50 Kennedy Plaza, 8th Floor Providence, RI 02903 on this 20th day of November 2006.