**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 06-093-01ML** |
| | : | |
| **DEBBIE TUCKER** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

In her Objection to the Pre-Sentence Report, defendant Debbie Tucker ("Tucker") asserts that the Probation Department erred when it: (1) failed to grant Tucker a minor role reduction, (2) failed to deduct a third point from Tucker's offense level for acceptance of responsibility, and (3) calculated Tucker's criminal history score. The United States respectfully disagrees.

Minor Role Reduction

Tucker first argues that she should receive a 2-level reduction for being a minor participant in the conspiracy. Under Guideline Section 3B1.2, the offense level is decreased by 2 levels if "the defendant was a minor participant in any criminal activity." The determination of whether a defendant has played a "minor" role is "notoriously fact-sensitive." United States v. Ortiz-Santiago, 211 F.3d 146, 148 (1st Cir. 2000). A defendant seeking a minor-role adjustment bears the burden of showing that she is (1) less culpable than most other people involved in the particular offense for which she was convicted, and (2) less

culpable than most other perpetrators of comparable crimes. See United States v. Mateo-Espejo, 426 F.3d 6508, 512 (1st Cir. 2005).

Defendant Tucker cannot meet her burden of proving that she was less culpable than most other people involved in the particular offense for which she was convicted. Tucker was convicted of taking part in a three-day conspiracy in the District of Rhode Island to defraud a financial institution. During this time period, Tucker used false identification documents of two actual individuals, withdrew funds from one of the individual's accounts and attempted to withdraw money from the account of another. Her co-defendant Zelpha Conyers similarly posed as an actual account-holder and withdrew funds at two different branches. Meanwhile, co-defendant Patricia Moore concealed the criminal proceeds. Given the extensive involvement of Tucker in this conspiracy, it cannot possibly be said that she was less culpable than the other people involved in the specific offense.

In seeking a minor role adjustment, Tucker argues that the Rhode Island criminal activity was "a small portion of the criminal enterprise conducted by the two co-defendants." (Def. Objection at 1.)[1] This argument misses the point. The crime

[1] The United States has, in fact, uncovered evidence that co-defendant Conyers perpetrated similar acts of bank fraud and identity theft throughout the United States in the two years

that defendant has been convicted of is conspiring to commit bank fraud in the District of Rhode Island from July 9, 2006 through July 11, 2006. In that conspiracy, defendant played an integral role. That her co-defendants apparently engaged in similar crimes in the past does not negate the centrality of defendant Tucker's criminal behavior in this *particular* conspiracy. Defendant's motion for a minor role reduction should be denied.

The Third Point

Defendant next argues that she should receive a third point reduction for acceptance of responsibility in a timely manner. Though defendant clearly accepted responsibility at an early juncture in these proceedings, she is not entitled to a third point reduction under the Guidelines. Section 3E1.1(b) clearly provides that a defendant may only qualify for the third point reduction if the offense level is 16 or greater. As the offense level in this case is level 11, defendant does not qualify for the third point.[2]

preceding the Rhode Island criminal conduct.

[2] Defendant's contention notwithstanding, the fact that defendant faces a two-year statutory minimum sentence does not entitle her to an additional one point reduction under the Guidelines.

Criminal History Category

Defendant next argues that the Probation Department erred when it calculated her criminal history score. Specifically, defendant contends that she should not have received three criminal history points apiece for the two convictions listed in paragraphs 44 and 45 of the PSR. Defendant is wrong. Three criminal history points were properly added for the offense listed in paragraph 44, as defendant was sentenced to two years in prison for forgery on October 14, 2004. An additional three points were properly assessed for the offense listed in paragraph 45, as defendant received a total period of incarceration of 14 months (after her probation was revoked). Defendant incorrectly contends that she was already serving the sentence in paragraph 45 of 180 days in jail when she was given an additional 8 months in jail as a probation violator. The Probation Department has advised the undersigned that defendant did not appear to serve the first 180 day sentence listed in paragraph 45. Therefore, an additional 8 months in prison were added as a consequence of defendant's failure to appear to serve her sentence. The Probation Department correctly calculated that defendant has amassed nine criminal history points.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

ROBERT CLARK CORRENTE
United States Attorney

/s/Lee H. Vilker
LEE H. VILKER
Assistant U.S. Attorney

Dated: December 6, 2006

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 6th day of December, 2006, I caused the within within Government's Sentencing Memorandum to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice electronically:

Richard Corley, Esquire
127 Dorrance Street, 2nd Floor
Providence, R.I. 02903

I further certify that a copy was mailed via regular mail to:

Kristin Mattias
United States Probation Officer
John O. Pastore Federal Building
Two Exchange Terrace
Providence, RI 02903

/s/Lee H. Vilker
Lee H. Vilker
Assistant U.S. Attorney